FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2006 MAR 17  AM 9: 54

CLERK _L. LaVictoire_
SO. DIST. OF GA.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

SAMORA AHMED HASANI EDWARDS,  :
            :
    Petitioner,    :
            :
   vs.       :  CIVIL ACTION NO.: CV205-206
            :
JOSE VASQUEZ, Warden,   :
            :
    Respondent.  :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Samora Ahmed Hasani Edwards ("Edwards"), an inmate now incarcerated at the Federal Correctional Institution in Bennettsville, South Carolina has filed a Petition for Writ of Habeas Corpus pursuant to the provisions of 28 U.S.C. § 2241. Respondent filed a Return on Order to Show Cause. Edwards filed a Motion for Summary Judgment, to which Respondent filed a Response.[1] For the reasons which follow, Edwards' Petition, and accompanying Motion for Summary Judgment, should be **DISMISSED**.

## DISCUSSION AND CITATION TO AUTHORITY

Edwards was convicted in the Southern District of Texas of violating 18 U.S.C. § 2113(a) & (d), aiding and abetting a bank robbery, and 18 U.S.C. § 924(c), use of a semi-automatic assault weapon in relation to a crime of violence. Edwards is currently serving a 255-month sentence and is due for release on April 7, 2014.

In the instant petition, Edwards appears to assert that Respondent, the Warden at FCI Jesup, conspired with, his "co-business partners" to deprive Edwards of his liberty.

---

[1] Edwards also filed a "Motion for Full Closure, Settlement and Final Remedy," to which Respondent filed a Response. By Order dated December 12, 2005, the undersigned denied Petitioner's Motion. (Doc. No. 17.)

AO 72A
(Rev. 8/82)

Edwards contends that he has suffered damages as a result of these individuals' criminal activities. Edwards seeks over $2.1 billion in damages based on these individuals' alleged actions. (Pet'r's Att. A, Ex. II, p. 4.)

Respondent contends that Edwards may not assert his Petition because he seeks monetary compensation from federal employees. Respondent avers that the recovery of money is not an available form of relief in a habeas corpus petition. Alternatively, Respondent contends that Petitioner's papers should be transferred to the Southern District of Texas pursuant to 28 U.S.C. § 2255. In his Response to Edwards' Motion for Summary Judgment, Respondent avers that motions for summary judgment are not contemplated in habeas corpus proceedings and are not the practice of this district.

In general, the distinction between claims that may be brought under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), and those that must be brought as habeas petitions is now reasonably well settled. Claims in which prisoners assert that they are being subjected to unconstitutional punishment not imposed as part of their sentence, such as a serious risk of beatings or sexual assaults at the hands of other prisoners, are Bivens actions, not habeas actions. See, e.g., Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970, 128 L. Ed.2d 811 (1994). Habeas actions, in contrast, are those that explicitly or by necessary implication challenge a prisoner's conviction or the sentence imposed on him by (or under the administrative system implementing the judgment of) a court. Thus, for example, when a prisoner makes a claim that, if successful, would shorten his term of imprisonment, the claim must be brought as a habeas petition, not as a Bivens claim. See, e.g., Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed.2d 906 (1997); Heck v. Humphrey, 512

U.S. 477, 114 S. Ct. 2364, 129 L. Ed.2d 383 (1994).[2]  Based on this settled distinction, the claims at issue and the relief sought here are far more analogous to those asserted in Bivens actions rather than in habeas petitions.  See Gwin v. Snow, 870 F.2d 616 (11th Cir. 1989).

Edwards' Petition is primarily incoherent.  At best, it appears that Edwards asserts that Respondent and other individuals are falsely imprisoning him based on his arrest and conviction in the Southern District of Texas in Case Number 4:95-mj-00719-3.  Should Edwards wish to assert a claim for money damages under Bivens, he cannot do so unless and until he has proven the termination of his prior criminal prosecution in his favor.  See Heck, 512 U.S. at 484, 114 S. Ct. at 2371; see also Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Edwards' Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.  It is also my **RECOMMENDATION** that Edwards' Motion for Summary Judgment (Doc. No. 14) be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this _17th_ day of March, 2006.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[2] Although the cases cited in the body of this Report are cases dealing with causes of action filed under 42 U.S.C. § 1983, courts generally apply the same law to Bivens claims as they do to Section 1983 claims.  See Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995).

AO 72A
(Rev. 8/82)